understood the fourth district appellate court of the state of illinois has now convened the honorable thomas m harris presiding good morning this is case number 4-23-0592 city of eureka versus knobloch council uh could we have appearances first uh for the appellant yes burt dancy with eliph dancy and bossage for the apparent uh appellant jerry knobloch thank you and for the appellate uh jeffrey gaster of miller hall and triggs for the city of eureka all right thank you mr dancy you may proceed with your argument uh may it please the court i don't know why that i'm more uh uncomfortable over the uh over zoom than i am in person i think it's the the old-fashioned way of doing it but uh we are here and i appreciate uh the availability that i have four main points uh that i'd like to make uh uh with respect to this case the first one is i don't i think there's little or no prejudice to the the city of eureka if mr knobloch has given his day in court and there's 330 thousand dollars worth of prejudice to mr knobloch if he doesn't get to defend himself with respect to this building the second point is that from the beginning the the penalty simply astounded me and shocked me for alleged building code violations i don't but it was my and i work as corporation counsel uh from the firm for the city of pecan for many years and did ov prosecutions in tassel county and uh the the purpose was to get compliance or to cover the costs of of the city having to undertake compliance through outside contractors and here there's no rational or reasonable relationship to to to that second goal mr dancy um instead of discussing the merits of the underlying case could we turn to the elements required under 214-01 petition which is due defense you seem to indicate a concession below that you didn't plead one i i well i i i think i pledged but i pledged it uh softly if you will i had uh mr knobloch was a difficult guy to talk to i had found out i went over with him he indicated he'd made a number of uh improvements to the some of it just went to the junk some of it was recyclable uh and he indicated to me that uh and when i filed mine my affidavit indicated that that he had evidence which contradicted the deficiencies that alleged in the property as to their seriousness as well as to the substance and the timing of repairs now is pleading that you have evidence the same as pleading the facts it is not sir if i if if i had to do it if i if i would do it again i would certainly have him more detailed what that evidence was although i think under the circumstances uh with with the 330 000 fine i think that plays into all aspects of it your honor i i i i can't disagree that i wish i had his affidavit as to what he had done uh instead i had his assurance that he did it uh mr dancy uh appellee uh indicates in its brief in a footnote that uh uh there was not a request uh made following the dismissal to replead is that accurate yes that's accurate okay i well i'll go back i'll go back to the and if you if if you look at when i was going over the complaint it seemed to me that you could have pled what they pled in four five or six counts we have a nuisance we have okay junk and debris and count three we have tarps buckets and debris in count two we have a propane tank in count 10 we have lumber junk and debris in 11 we have fence posts in 14 tarps in 15 extension cords in 19 boxes plywood and posts in 17 a mower deck in 18 more blocks in 20. uh so it all of it is a nuisance they seem to have enumerated 11 counts which are very similar it's all one nuisance and the result is that my client is tacked uh with a fine of $330,000 $15,000 per the maximum per violation for matters that would have cost the city very little in cleaning them up council if i may just procedurally though this is not an issue of merits that was reached i mean you filed a 214-01 and then in response they filed a 2615 motion dismiss correct that is correct so the order being appealed is the the grant the trial court's granting of that motion dismiss so wouldn't you agree that those would be different standards of review for this court i think there's different standards of review which is why my argument went to the unfairness of the penalty under a modified plain error doctrine or under 366 it just seems to me that the enormity of the penalty and the lack of notice that the the notice that a default was at issue was not what was filed the day before the hearing there was a change in the nature of the default no notice was given and no substantive notice was given until after the 30 days had expired through the citation to discover assets so the the the plaintiff switched the hearing at the last moment without adequate notice to mr knobloch and then didn't send any notice of the default to him isn't there default language in the summons it says if an answer isn't filed within a specified date that the default may be taken against you isn't that essentially it is in the summons but he was given a subsequent order that said the next date was for status how was he prejudiced how was he prejudiced by being given more time how was he pardon me sir how was he prejudiced by get being given more time to answer he wasn't prejudiced he was prejudiced because it said status and not default and that leads me to the to the fourth aspect of of my argument which is we are dealing with go ahead that was some okay we are dealing with a client and i think it was it is apparent in speaking with jerry knobloch that he is a very limited capacity with respect to language and language understanding and cognitive abilities in the language realm uh and so mr dancy that kind of brings up another issue here and that is the the due diligence uh you filed your appearance on june 15th there had already been a memorandum or a entry of judgment by that point um how is it that nothing got done for quite so long until after the citation was issued because it was the citation that alerted him and i that anything had happened uh previously but but you you have some obligation you filed an appearance in a case you didn't check what had happened you've already said you had a client who was having these mental difficulties you how was that reasonable my client had in part because of his disability kept all the paperwork so it wasn't this case but three other cases that he brought to me and he was very thorough in his note-taking and the paperwork and i really i didn't i didn't check the electronic record i relied on thorough paperwork that my client provided and there was no notice of default in any of his paperwork so the first notice either one of us had actual notice uh was after the 30 days had run and as soon as we'd got that i filed the 1401 and i guess i'm aware that i would do it differently in retrospect and if the if the if the fine here were a normal fine and related to uh the nature of the offenses i would not be making the 366 and the plain error arguments uh that's the reason those are the principal reliance in the brief and that is because the degree of punishment uh is totally unrelated to any burden on the village of eureka uh i i in in 30 years of working for the city and doing ordinance violations i don't think i ever saw a an award more than ten thousand dollars and here it's confiscatory they're essentially taking his building and then some for limited violations and so i when it happened i thought it was shocking i thought it essentially shocked the conscience and because of the penalty it needed to be overturned uh that's all i have okay thank you mr dancy you'll have time and rebuttal uh if you uh uh would like uh mr gaster you may proceed with your argument uh thank you your honor and council and may it please the court again jeffrey gaster for the city of eureka uh we're here on a an order granting the city's uh motion to dismiss pursuant to 2615 the petitioner's 214 petition that order was correct and it should be affirmed um just to give a brief roadmap of why we requested oral argument in this case because on the merits of 21401 this strikes me as as a pretty straightforward case um but there was a little bit of a interesting uh dispute between the parties on the appropriate standard of review uh based on uh the circuit court kind of going a little bit beyond the pleadings on the diligence uh analysis and so we wanted to be able to um provide an opportunity to clear up any um any confusion that might have been going on with with that because there's portions of the court's analysis that didn't quite smack of a 2615 um having said that i am going to start um with the basic elements of a 21401 petition as the court has already alluded to there has to be allegations supported by facts of a meritorious defense and then there has to be uh factual allegations that would uh for diligence in the underlying proceeding as well as diligence in uh bringing forth the 21401 petition so starting with meritorious defense and this is the easiest way to resolve the case on a basic garden variety to uh 2615 analysis without getting into any of the weird standard of review issues that arose on the due diligence prong um as this court has repeatedly explained uh the pleading burden for a meritorious defense uh it's not sufficient um for the petition and any supporting affidavits to just assert that there is a meritorious defense without also this is a quote without also pleading the relevant facts supporting the alleged offense and that comes from the McGraw case that we cite in our bill in our brief um to the contrary the the petition has to allege affirmative allegations of which if taken as true would establish the existence of a claimed uh defense the petitioner cannot rely on conclusory statements that i have you know defense a or defense b or is in this case the petition really just says i have a defense and it's essentially a general denial um of the brief the lamarow versus havronic case i actually had the site wrong it's 25 ill app second 51 um this is a case uh involving the civil practice act before 21401 but it's very similar um it's a short opinion the appellate court in their recitation the fact says you know all the petition alleged is that there was a defense didn't get into the details no supporting factual allegations and in you know two or three short pages the court makes quick work of that petition and actually reverses the circuit court had granted the petition the appellate court says no you can't just say i have a defense and leave it at that um here the petition is quite the same we have an allegation um that the petitioner thinks he has evidence that would defeat the city's claims um know what the evidence is we don't know how much of the evidence uh exists we don't even think of the the five w's who what where when why we don't know anything about this evidence we don't even know if it's you know admissible and you know obviously in the summary judgment context you can't defend against summary judgment by citing admissible evidence so you know at the at the 2615 stage to try to game out um if there's been sufficient factual allegations i think you would certainly need to know what the facts are so you can at least make some threshold determination about uh visibility and where the case is going to go after the pleadings and here we just don't have it all we have is as the molding court would put it we have a gratuitous allegation that there's a defense without any supporting factual allegations and you know you don't have to take my word for it there was a lengthy colloquy um in the circuit court between the judge and petitioner's council where the council stated we allege a meritorious defense and and the judge said okay where are the facts setting forth that that would enable me to quote make a finding and counsel says there quote there were no facts set forth he he goes on to explain you know that he you know didn't think it was necessary but i mean there's no better authority on the paucity of the pleading than petitioner's council himself who admitted in the circuit court and i believe even this morning that there were no factual allegations to support that meritorious defense um and on on the waiver you know there was never a request during the hearing to amend the petition there was never a motion to modify or clarify or seek leave to amend after the circuit court ruled in this case instead uh the petitioner's council stood on the pleadings as they existed by going straight to the um appellate court so that the pleadings these these deficits that we have identified those are locked in and he hasn't sought any relief to reopen the pleadings his his the petitioner is seeking you know he wants the court to basically grant the petition so we can um you know everything that i'm about to say from here on is just window dressing because on a 2615 we have multiple admissions that there weren't factual allegations pleaded that's enough to end the case um can i can i ask you just a couple of questions please um on the 24th of may you filed a motion for default and you served it by mail first of all why file a motion and a notice and why do it the day before the hearing it's a great question this is the honest answer um the the partner who filed the motion ordinarily does not do ordinance violation cases he took it over there was some attrition in our but you don't need experience in in uh ordinance cases to know that you give notice of a motion right with two days service under the rules a little unusual what i will say is that under rule 572 and 575 the motion was completely unnecessary um because the 572 the admonition that we can include in the summons it states that the if the defendant doesn't appear on the date directed under the first appearance or on any subsequent date that the court uh says hey come to court you can be defaulted without further notice so um you're certainly correct if this was a more typical case like a breach of contract or a tort case and if we snuck in a motion like this i think there'd be a huge problem but i think because of the way rule 572 and 575 work um the motion wasn't necessary and so there there simply can't be any prejudice in in any sense of the word be it from due process or any principle of fundamental fairness what about what about because i know that this is a civil action and the civil rules do still apply where they're not overruled by something more specific but what about uh section 21302 which says on the entry of an order of default the attorney for the moving party shall immediately give notice to the party who's appeared right and you know during the hearing um if i understood um petitioner's counsel during the hearing on the in the circuit court um i believe he disclaimed any reliance on the failure to send that that subsequent notice um and to further respond this is where you know while it's a little bit unusual and maybe unnecessary for us to send that notice of motion i think that actually cuts both ways because there's no allegation that the petitioner did not receive the motion or receive the notice he's just alleging that he didn't get it in time but if he got the motion you know a day the day after there's nothing stopping him from contacting the circuit clerk to say hey this i thought this was up for status now i'm finding out that there might have been a motion for default i need to investigate this further to confirm if that order was entered and had that been done we would be well within the time frame i move to set aside um that default judgment um it's it's important to for the court to read between the lines and focus not just on what the petitioner is alleging but what he's not alleging he never says that those mailings didn't get to him he just says he didn't get it in time and that therefore we quote switch the nature of the hearing and you know on that point we can't pronounce saizana um where you know this exact situation happened there was the defendant actually was participating more than the petitioner here the defendant had filed a motion to dismiss there was a problem with how that got noticed up so the court set it for another hearing defendant doesn't show up court sets it again for status defendant doesn't show up and on the court's own initiative there was no motion in that case the court just says all right she's not here you know we're defaulting her and the health court citing the 572 and 575 says that's not a problem because the you know the admonition didn't say if you don't show up when you're told to you can be defaulted so that i hope that answers the court's questions yeah um just final question um i know that um defendant's counsel has talked about the size of the fine which really goes to merits of the case and really there's no circumstance that we would be looking at the merits but just um because i know from having presided over cases like this in the circuit court that uh that municipalities often trade fines for compliance have you expressed any willingness to discuss that with your opposing counsel you know when this petition as the petition in the briefed um the court might note there's kind of a big gap between petition being filed and then finally getting heard on our motion uh there were discussions with you know maybe the building being turned over as and then we call it square i don't think the fair market value of the building is going to come anywhere close to um approaching the value of the fines and then that would enable the um get in clean it up um the violations that we were dealing with here again i don't want to get too into the merits but we're talking you know uh people living in kind of like a industrial storage type building you know utilities not connected so we're bringing in water from hoses all the issues that you would think of with human waste and sanitation um yeah i i didn't mean to you know court is always an opportunity to express uh a party's willingness to achieve an outcome that might be more mutually advantageous and i wanted to see if you maybe take advantage of that opportunity and my policy and i never say no to a settlement discussion even if my client is not too willing i'm not suggesting that the city is not too willing in this case but i'll i'll never say no to at least pick up the phone thank you council just for a matter of clarification you mentioned uh and you you state in your brief you agree with regards to the motion dismissed that the demo go standard of review is appropriate you mentioned in your earlier comments though you also set forth at least some argument with regards to the manifest weight i assume that was directed to the due diligence findings what i will say post pleadings with regards to the demo go standard of review the time gap um from when the entry of appearance was filed and the motion was heard in the court's references there am i accurate in that that's correct the the court had a colloquy with petitioner's counsel regarding you know what happened when we've you know when they we've sent the turnover motion and then that triggered all these things started happening and petitioner's appearance on june 16th the default order was entered on may 25th so at that time there was still six days left on the clock to file a timely motion to vacate the circuit court and you know the circuit court's questions to petitioner's counsel about you know why didn't you check the docket what was going on that sort of went beyond the pleadings um and so yeah that's that's the portion of the court's analysis that um if there's going to be a bifurcated standard review i think the circuit court has kind of told us where it's thinking if this gets you know remanded for more you know proceedings the court's already determined that that diligence cannot be shown based on counsel's failure to check the docket and figure out what was going on so that that question that your honor just asked that essentially that's you know the 32nd elevator speech uh analysis for you know diligence um you know the case law is legion that 214.01 petition it's not an opportunity for a litigant to do what they could have done or should have done in the proceeding below it's not an opportunity to excuse the mistakes or or inadvertence or inattention of of counsel and i'm not trying to be mean or insulting that's just the nature of this case is that's just how the analysis goes i have a lot of respect for petitioner's counsel we've worked on a lot of cases together so i'm not trying to be uh caustic by any stretch but that's just the nature of the of this analysis is there's you know there's simply no explanation for counsel's failure to check the docket especially in the face of a client who by counsel's own admission in the affidavit he submitted in support of his petition um counsel states you know the petitioner's disabilities are apparent to you know the first thing that i certainly would have been doing was going on judiciary or calling the clerk to figure out what was going on and um the circuit court certainly didn't think that that was excusable um whether it's it's a de novo review or abuse of discretion in any standard of review that just can't can't cut it um so if there's no other questions that the city would ask that the circuit court's judgment be affirmed applying de novo or abuse of discretion review um the circuit court got it right here all right thank you mr gaster uh mr dancy do you have rebuttal argument a brief your honor uh we did as as to one of the justice's questions i did speak with other council for the city with respect to settlement and we we made a sizable financial offer but wanted to keep the building and it was rejected and they simply want the building at this point in time as to i have consistently raised the issue of the late notice and the total lack of notice of the required notice of the default as as part of the problems in this case and as part of the lack of information given to my client the way it appropriately should have been given those the notice issues the lack of notice issues were raised from the the court review it from abroad uh under the 366 or the or or the plain air standard because of the limited capacity of my client and because of the incredibly unreasonable 330 000 penalty uh for debris garbage uh hoses electrical wires uh it the court has the power to to to do justice for mr knob block in terms of the penalty if nothing else uh but that is uh confiscatory and unrelated to anything that the village would need to clean the property up which has been in the interim it's continued to be improved and brought into compliance which was the goal of most uh but apparently not this ordinance violation thank you all right thank you mr dancy thank you both the case will be taken under advisement and we will issue a written assertion